**Ex parte Albert Donald THOMAS.**

**No. 51829.**

Court of Criminal Appeals of Texas.

Jan. 19, 1977.

Stanley G. Schneider, Huntsville, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

DALLY, Commissioner.

This is a post conviction writ of habeas corpus proceeding. See Article 11.07, V.A. C.C.P.

The petitioner, who was convicted for the offense of involuntary manslaughter, asserts that he was denied the right of appeal. The petitioner gave written notice of appeal within ten days after he was sentenced. He contends that this meets the requirements of Article 44.08, V.A.C.C.P., and regardless of the waiver he made, he was entitled to appeal. The question presented is whether a defendant is bound by his agreement to waive appeal when that agreement is made *after judgment of conviction but before the pronouncement of sentence.*

The agreement to waive appeal was as follows:

"COMES NOW DEFENDANT, and having been convicted herein, defendant knows he is entitled to ten (10) days in which to file a Motion for New Trial and Motion in Arrest of Judgment, and that he has a right to appeal said conviction to the Texas Court of Criminal Appeals, and Defendant waives his right to said ten (10) days period, waives his rights to file a Motion for New Trial, and Motion in Arrest of Judgment, and waives his right to appeal this conviction. Defendant prays that he be sentenced forthwith.

"/S/ Michael D. Byck
  Attorney for Defendant

          /S/ Albert D. Thomas
               Defendant

"The above Waiver of the ten day period to file a Motion for New Trial and Motion in Arrest of Judgment, and Waiver of filing Motion for New Trial and Motion in Arrest of Judgment and Defendant's Waiver of his right of Appeal are hereby in all things approved by the Court.

       "/S/ Don Metcalfe
          Judge"

The petitioner's habeas corpus petition was filed in the trial court and the trial judge under the authority of and in compliance with *Ex parte Young,* 418 S.W.2d 824 (Tex.Cr.App.1967), made findings of fact and conclusions of law which in pertinent part are as follows:

"The Court has reviewed the records of Cause No. F–75–3157–JI and has concluded that a hearing is unnecessary to dispose of the Petitioner's Application. The Court makes the following findings of fact:

"(1) Petitioner appeared before the Court on May 2, 1975 his counsel being present, and entered a plea of

guilty to the charge contained in the indictment, and after having been properly admonished upon the consequences of his plea in the manner and time provided by law, Petitioner persisted in pleading guilty to the charge, and the Court having examined the witness, determined that Petitioner's plea was knowingly and voluntarily made, the Court accepted Petitioner's plea of guilty and heard the evidence offered by the State, Petitioner's signed judicial confession, and determined Petitioner's guilt upon his plea and the evidence in this case.

"(2) At the conclusion of Petitioner's trial on the issue of guilt or innocence, the Court considered Petitioner's written waiver of delay in sentencing, and Petitioner and his counsel being present, proceeded to sentence Petitioner in accordance with the verdict of the Court determining Petitioner's guilt at ten years in the Texas Department of Corrections.

"(3) In connection with the Petitioner's waiver of delay in sentencing, Petitioner waived in writing with the consent of his attorney and the approval of this Court Petitioner's right to file a Motion for New Trial, Motion in Arrest of Judgment, and his right to appeal his conviction to the Texas Court of Criminal Appeals.

"(4) Petitioner's notice of appeal in writing was filed with the Clerk of this Court on May 8, 1975.

"(5) Petitioner did not obtain the consent of the Trial Court to appeal his conviction.

"The Court makes the following conclusions of law:

"(1) Petitioner waived his right to appeal his conviction to the Court of Criminal Appeals of Texas, *Reed v. State*, 516 S.W.2d 680."

We have held that the waiver of the right of appeal made prior to trial, as a matter of law, cannot be knowingly and intelligently made and such a waiver is not binding on defendant. *Ex parte Townsend*, 538 S.W.2d 419 (Tex.Cr.App.1976). We have also held that a knowing and intelligent waiver of the right of appeal made after a defendant has been sentenced is binding. *Ex parte Dickey*, 543 S.W.2d 99 (Tex.Cr.App.1976).

More recently in *Bailey v. State*, 543 S.W.2d 653 (delivered December 1, 1976), we considered a waiver of appeal which appears to be precisely the same as that we are considering here. In that case this Court rejected the appellant's contention that he had not waived the time for filing a motion for new trial. However, we stated that the appellant was correct with respect to the waiver of his right to appeal and that the waiver of the right to appeal was premature.

We now hold that a defendant is not bound by his agreement to waive appeal which is made after judgment of conviction, but before the pronouncement of sentence.

■ The appellant's notice of appeal was timely. See Article 44.08, V.A.C.C.P.

Since the petitioner's appeal has now been delayed, he should be permitted pursuant to the provisions of Article 40.09, V.A.C.C.P. to perfect his appeal as if notice of appeal were timely filed on the date the mandate is issued by this Court in this proceeding.

It is so ordered.

Opinion approved by the Court.