NO. 12-01-00177-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


WILLIE NOBLES,
§
 APPEAL FROM THE 145TH

APPELLANT



V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS

 

PER CURIAM


 A jury found Appellant Willie Nobles ("Appellant") guilty of theft. Prior to sentencing, 
Appellant and the State reached an agreement as to punishment, which included a provision that
Appellant waived his right to appeal. In one issue, Appellant challenges the sufficiency of the
evidence to support his conviction. We hold that Appellant's waiver of appeal is valid and dismiss
the appeal.


Background


 After a jury convicted Appellant of theft, Appellant and the State made an agreement in
which Appellant waived his right to appeal in exchange for the State's promise to recommend a
sentence of eighteen months of confinement in a state jail. Although Appellant had previously
elected to have the jury assess punishment, he changed his election at the punishment hearing and
requested that the trial court assess his sentence.

 The only evidence introduced by the State at the hearing was the written plea agreement,
which contains the following paragraph:


 All parties understand that in the event that the Court rejects this agreement, the Defendant will be
permitted to withdraw his plea and no statement or other evidence received during the plea may be
admitted against the Defendant on the issue of guilt or punishment in any subsequent criminal
proceeding. Furthermore, if the Court sets punishment at or below this recommendation, the
Defendant understands that if the defendant has waived appeal, no appeal is possible and, if no waiver,
no appeal is possible without the permission of the Court unless based on motion previously filed.



The next paragraph in the agreement was initialed by Appellant and stated, "Defendant agrees that
he will waive any right to appeal in this matter and agrees that there is neither legal or factual error
and further waives any right to seek a new trial."

 Prior to the trial court's pronouncement of sentence, the State called the waiver and the
initialed paragraph to the court's attention. Appellant's attorney informed the court that he had
advised Appellant of "the consequences of those initials" and that Appellant had "agreed to that."

 The trial court followed the State's sentencing recommendation, but Appellant appealed his
conviction. The State requests that we uphold Appellant's waiver and dismiss his appeal. In his
response to the State's request, Appellant does not challenge the validity of the waiver, but argues
that it would be unjust to support a conviction for legal conduct without culpable intent.


Validity of Waiver


 In Ex parte Thomas, 545 S.W.2d 469, 470 (Tex. Crim. App. 1977), the court of criminal
appeals held that a defendant is not bound by an agreement to waive appeal that is made after
conviction, but before the pronouncement of sentence. More recently, however, the court has
distinguished Thomas and upheld a waiver when a defendant bargained for a sentencing
recommendation from the State in exchange for a waiver of his right to appeal. 

 In Blanco v. State, 18 S.W.3d 218 (Tex. Crim. App. 2000), the appellant was convicted of
burglary by a jury and subsequently entered into a negotiated sentencing agreement with the State. 
The State made the agreed recommendation, the appellant waived his right to appeal, and the trial
court followed the State's recommendation. The appellant then appealed. The court of appeals
dismissed the appeal, and the court of criminal appeals affirmed. In upholding the dismissal, the
court reasoned that the defendant knew at the time of the waiver what his punishment would be and
what errors might have occurred during the proceedings. Therefore, his waiver was knowingly and
intelligently made, and he was bound by his agreement. Id. at 220.

 The facts in the case at bar cannot be distinguished from those in Blanco. Appellant was
found guilty by a jury and then reached a punishment agreement with the State, which the trial court
elected to follow. In the agreement, Appellant waived his right to appeal in writing, and his trial
counsel confirmed that Appellant understood the consequences of the waiver.

 Based upon the above facts, we find that Appellant's waiver of his right to appeal was
voluntarily, knowingly, and intelligently made. Accordingly, we hold that Appellant's waiver of
appeal is valid and dismiss this appeal.


Opinion delivered January 2, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.


















(DO NOT PUBLISH)