Affirmed and Opinion filed February 5, 2004









Affirmed
and Opinion filed February 5, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01271-CR

____________

 

MATHEW TUFELE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 272nd
District Court

Brazos County, Texas

Trial Court Cause No. 29382-272

 



 

O P I N I O N








Appellant Mathew Tufele pleaded
guilty before a jury to the second degree felony of reckless injury to a child
by omission.  The jury found appellant
guilty and sentenced him to 18 years= confinement in the Texas
Department of Criminal Justice, Institutional Division.  In two points of error, appellant complains
that (1) he received ineffective assistance of counsel; and (2) the trial court=s imposition as a condition of
his sentence that appellant display two photographs of the victim in his prison
cell exceeds the punishment authorized by law and constitutes cruel and unusual
punishment.  Because we agree that the
trial court was without authority to order appellant to display photographs of
his victim in his prison cell, we strike that portion of the trial court=s oral pronouncement of
sentence.  In all other respects, the judgement of the trial court is affirmed.

I. Procedural and Factual Background

On August 17, 2001, while appellant was babysitting his
girlfriend=s 33-month old daughter,
Chelsea Lune, she died.  An autopsy revealed that Lune
died from blood accumulating in her brain and the resulting swelling.  The blood accumulation was caused by a recent
skull fracture and a violent shaking of her by appellant on the night she died.  Appellant was initially charged by indictment
with the first degree felony offense of knowingly and recklessly causing
serious bodily injury to Lune by omission.  The State abandoned the Aknowingly@ allegation in the indictment
and proceeded on the second degree felony of reckless injury to a child by
omission, to which appellant pleaded guilty. 
After a trial to the jury, appellant was found guilty, and the jury assessed
punishment at 18 years= confinement.  The trial court=s oral pronouncement of
sentence ordered appellant to display, for at least the first two years of
incarceration, two photographs of the victim in his cell at a height 3 feet to
5 feet from the ground and in a location visible from his prison cell
door.  Appellant was ordered to display a
photograph of Lune while she was living and a
photograph of her in the emergency room after she died.  The trial court=s written judgment, however,
did not contain this additional sentencing requirement.  Appellant did not file a motion for new
trial.

                                                      II. Analysis

A.      Waiver of Right to Appeal








As a threshold issue, we must address the State=s contention that appellant=s appeal should be dismissed
because the record shows that he waived his right to appeal.  In arguing that appellant waived his right to
appeal, the State relies on an excerpt in ADefendant=s Plea of Guilty, Waiver,
Stipulation and Judicial Confession@ which reads, in relevant part,
as follows:  AHowever, it is my desire to
waive my right of appeal, and I hereby waive this right in the event that the
Judge accepts the plea bargain agreement.@  Relying solely on the Court of Criminal
Appeals= opinion in Monreal
v. State, 99 S.W.3d 615 (Tex. Crim. App. 2003),
the State argues appellant waived his right to appeal errors alleged to have
occurred during the punishment phase and any complaint about his sentence.  We disagree. 

Appellant entered into a plea of guilty without a sentencing
recommendation and proceeded with a trial before the jury on the issue of
punishment.  He is complaining of errors
alleged to have occurred during the punishment phase.  Appellant could not have waived his right to
appeal those errors when he entered into his plea of guilty without a
sentencing recommendation and before proceeding to trial before the jury to determine
his sentence.  Monreal,
in which the court held that non-negotiated waivers of appeal are equally as
valid as negotiated waivers of appeal, does not persuade us to hold
otherwise.  See Monreal,
99 S.W.3d at 616 (noting that defendant had waived his right to appeal after he
pleaded guilty, without a plea bargain, and after the jury sentenced him).  As the Court of Criminal Appeals explained in
Monreal, the relevant issue is not
whether the plea was negotiated or non-negotiated, but whether at the time of
the waiver the defendant was in a position to be able to knowingly,
voluntarily, and intelligently waive appeal because he would know what his
punishment was and what errors may have occurred during trial at the time of
his waiver.  Monreal,
99 S.W.3d at 618.








In Ex parte Thomas, 545
S.W.2d 469 (Tex. Crim. App. 1977), the Court of
Criminal Appeals held that presentencing waivers of
the right to appeal were not valid because they could not, as a matter of law,
be made knowingly, voluntarily, and intelligently.  Id. 
The court recently distinguished Ex parte
Thomas in Blanco v. State, 18 S.W.3d 218 (Tex. Crim.
App. 2000).  Unlike in Thomas, in
which the defendant did not bargain for a sentencing recommendation from the
prosecution in exchange for his waiver of the right to appeal, the trial court
in Blanco followed the prosecution=s sentencing
recommendation.  Cf. Blanco, 18
S.W.3d at 220, with Thomas, 545 S.W.2d at 470.  Thus, in Blanco, the defendant was
fully aware of the likely
consequences of the waiver.  Here, as in Thomas,
appellant neither bargained for a sentencing recommendation in exchange for his
waiver of the right to appeal, nor waived his right to appeal after sentencing,
making this case distinguishable from Monreal
and Blanco.  See, e.g., Andrews
v. State, Nos. 2-02-353-CR, 2-02-354-CR, 2003 WL 21770816, at *1 (Tex. App.CFort Worth, July 31, 2003, pet.
filed) (AIf a defendant enters a waiver
of her right to appeal before she is aware of the consequences of her plea, the
waiver is invalid.  Because Appellant
could not have known what her sentence would be at the time she entered her
plea, Monreal does not apply.@) (citing Ex parte Thomas, 545 S.W.2d 469, 470 (Tex. Crim. App. 1977); Ex parte
Townsend, 538 S.W.2d 419, 420 (Tex. Crim. App.
1976)).  Thus, we hold that appellant did
not waive his right to appeal errors alleged to have occurred during the
punishment phase of his trial and during sentencing.  We therefore address the merits of appellant=s complaints.

B.      Ineffective Assistance of Counsel

Appellant contends that his trial counsel rendered
ineffective assistance of counsel during the punishment phase of his
trial.  Appellant asks this court to
remand this case to the trial court so that he can file a motion for new trial
and obtain a hearing on the motion. 
Appellant outlines in his brief objections his trial counsel should have
made during the punishment phase, but did not make, and objections which his
counsel made, but with respect to which he did not secure a ruling.








Appellant has waived this complaint by failing to properly
brief it.  Aside from citing the
pertinent evidentiary rules, he has failed to cite authority for why the
objections listed in his brief should have been made or why he was prejudiced
by his trial counsel=s failure to make the
objections or secure a ruling on objections made.  Appellant has a duty to cite specific legal
authority and to provide legal argument based upon that authority.  See
Tex. R. App. P. 38.1(h); Rhoades v. State, 934 S.W.2d 113, 119
(Tex. Crim. App. 1996).  Appellant cited no legal authorityCother than passing references
to a few Texas Rules of EvidenceCto support his contention that
the objections listed on pages nine through fourteen of his brief should have
been made in this case.  Thus, appellant
has not preserved review on this point of error.  See Tex.
R. App. P. 38.1(h); Smith v. State, 683 S.W.2d 393, 410 (Tex. Crim. App. 1984) (holding that nothing was preserved for
appellate review when defendant cited no authority and presented no argument on
issue).  For this reason alone, we
overrule appellant=s first point of error.

Even if we did not find briefing waiver, appellant=s claim fails.  Both the United States and Texas
Constitutions guarantee an accused the right to assistance of counsel.  U.S.
Const. Amend. VI; Tex. Const.
art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 1977).  This right includes the right to reasonably
effective assistance of counsel.  Strickland
v. Washington, 466 U.S. 668, 686 (1984); Ex parte
Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App.
1997).  To prove ineffective assistance
of counsel, an appellant must show that (1) trial counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms;
and (2) the result of the proceeding would have been different but for trial
counsel=s deficient performance.  Strickland, 466 U.S. at 688B92; see also, e.g.,
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999).  An appellant has the burden
of proving his claim by a preponderance of the evidence.  Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998).  We apply a strong presumption that trial counsel
was competent.  Thompson, 9 S.W.3d
at 813.  We presume counsel=s actions and decisions were
reasonably professional and motivated by sound trial strategy.  Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).  Appellant has the burden to rebut this
presumption by presenting evidence illustrating why trial counsel did what he
did.  See id.  An appellant usually cannot meet this burden
if the record does not specifically focus on the reasons for trial counsel=s conduct.  Osorio v. State, 994 S.W.2d 249, 253
(Tex. App.CHouston [14th Dist.] 1999, pet.
ref=d).








In this case, appellant did not file a motion for new trial,
and as a consequence, there was no hearing conducted to develop counsel=s trial strategy.[1]  In the absence of a proper evidentiary record
developed at a hearing on a motion for new trial, it is extremely difficult to
show that trial counsel=s performance was
deficient.  Gibbs v. State, 7
S.W.3d 175, 179 (Tex. App.CHouston [1st Dist.] 1999, pet.
ref=d).  When there is no hearing on a motion for new
trial or if trial counsel does not appear at such a hearing, an affidavit from
trial counsel becomes almost vital to the success of a claim of ineffective
assistance of counsel.  Howard v.
State, 894 S.W.2d 104, 107 (Tex. App.CBeaumont 1995, pet. ref=d).  Here, there is no such affidavit in the
appellate record.  To the contrary, the
record is silent as to the reasoning and strategy behind trial counsel=s action or inaction in not
making objections during the punishment phase of appellant=s trial.  Appellant has not rebutted the presumption
that his trial counsel made all significant decisions in the exercise of
reasonable professional judgment, and appellant has not demonstrated in the
record that trial counsel rendered ineffective assistance.  See Thompson, 9 S.W.3d at 814.  We will not speculate about counsel=s strategic decisions, and
thus, we cannot find appellant=s trial counsel ineffective
based on the asserted grounds.  See
Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.CHouston [1st Dist.] 1996, no
pet.) (ADue to lack of evidence in the
record concerning trial counsel=s reasons for conducting voir dire as he did and for not objecting to certain
testimony and argument, we are unable to conclude that trial counsel=s performance was deficient.@).

Moreover, even if the record permitted us to address
appellant=s complaints about his counsel=s performance in failing to
make the various objections listed in appellant=s brief, we would hold that
appellant has failed to show that his trial counsel erred or that appellant was
prejudiced by his trial counsel=s conduct.  As the State correctly points out, article
37.07 of the Texas Code of Criminal Procedure permits a trial court wide
latitude in the admission of evidence during the punishment phase.  Article 37.07 provides, in relevant part, as
follows:








Regardless of the plea and
whether the punishment be assessed by the judge or the jury, evidence may be
offered by the state and the defendant as to any matter the court deems
relevant to sentencing, including but not limited to the prior criminal
record of the defendant, his general reputation, his character, an opinion
regarding his character, the circumstances of the offense for which he is being
tried, and, not withstanding Rules 404 and 405, Texas Rules of Evidence, any
other evidence of an extraneous crime or bad act that is shown beyond a
reasonable doubt by evidence to have been committed by the defendant or for
which he could be held criminally responsible, regardless of whether he has
previously been charged with or finally convicted of the crime or act.   

Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1) (Vernon Supp. 2003)
(emphasis added); see also Mendiola v. State,
21 S.W.3d 282, 285 (Tex. Crim. App. 2000) (A[A]dmissibility
of evidence at the punishment phase of a non-capital felony offense is a
function of policy rather than relevancy. 
This is so because by and large there are no discreet factual issues at
the punishment stage.  There are simply
no distinct fact[s] . . . of consequence that proffered evidence can be said to
make more or less likely to exist. . . . 
What evidence should be admitted to inform that normative decision is
not a question of logical relevance, but of policy.@) (internal citations and
footnotes omitted).

Appellant has not met his burden of proving that his trial
counsel was ineffective in failing to make objections during his trial or that
he was prejudiced by any errors that occurred. 
For this additional reason, we overrule appellant=s first point of error.

C.      Illegal Sentence

In his second point of error, appellant complains that the
trial court erred when it made an oral pronouncement of sentence requiring
appellant to display, for at least the first two years of incarceration, two
photographs of the victim in his cell at a height 3 feet to 5 feet from the
ground and in a location visible from his prison cell door.  Appellant was ordered to display a photograph
of Lune while she was living and a photograph of her
in the emergency room after she died. 
Appellant contends this condition exceeds the punishment authorized for
this offense and violates the cruel and unusual punishment clause of the United
States Constitution and article 1.09 of the Texas Code of Criminal
Procedure.  See U.S. Const. Amend. VIII.  We agree that the trial court imposed an
illegal sentence, and we disagree with the State that appellant waived this
error by not raising it below.








Section 12.01 of the Penal Code provides that A[a] person adjudged guilty of an
offense under this code shall be punished in accordance with this chapter and
the Code of Criminal Procedure.@  See Tex. Pen. Code Ann. ' 12.01 (Vernon 1994).  Section 12.33 of the Texas Penal Code sets
forth the statutorily-prescribed punishment for a second degree felony.  See id. ' 12.33.  A person found guilty of a felony of the
second degree Ashall be punished by imprisonment in
the institutional division for any term of not more than 20 years or less than
2 years.@ 
Id.  In addition, a person
found guilty of a second degree felony may be punished by a fine not to exceed
$10,000.  Id.  In this case, the jury=s verdict assessed appellant=s punishment in conformity with
section 12.33 of the Penal Code.  Nothing
in Chapter 12 of the Penal Code permits a trial court to alter the jury=s verdict when it is in conformity
with the statutory range of punishment.  See
Ex parte McIver, 586 S.W.2d 851, 854 (Tex. Crim. App. 1979) (ACourts have no power to change a jury
verdict unless it is with the jury=s consent and before they have
dispersed.@) (citations omitted); see also
Tex. Code Crim. Proc. Ann. art.
37.10(b) (Vernon Supp. 2003) (stating that trial court has authority to reform
jury=s verdict to show punishment
authorized by law and omit punishment not authorized by law).  Nor does the Penal Code allow a trial court
(or a jury) to impose a punishment like the one at issue in this case as a part
of the sentence.  The State also has not
cited any authority for the proposition that the trial court had the authority
to require appellant to display Lune=s photographs in his prison cell and
we have found none.








It is well established that A[a] sentence that is outside the
maximum or minimum range of punishment is unauthorized by law and therefore
illegal.@ 
Mizell v. State, 119 S.W.3d 804,
806 (Tex. Crim. App. 2003) (citations omitted).  Here, the requirement that appellant display
two photographs of his victim during the first two years of incarceration is
not within the statutory punishment range for a second degree felony, and thus
this portion of appellant=s sentence is illegal.[2]  Furthermore, we reject the State=s contention that appellant waived
this point of error.  AUnlike most trial errors which
are forfeited if not timely asserted, a party is not required to make a
contemporaneous objection to the imposition of an illegal sentence.@  Id. at 806 n.6 (citing Ex parte Pena, 71 S.W.3d 336, 336B37 & n.1 (Tex. Crim. App. 2002)).








Having concluded that this portion of appellant=s sentence is illegal, we are
faced with the question of how to remedy the trial court=s unauthorized sentence.  The trial court made an oral pronouncement
that appellant be required to display the two photographs of Lune, but the court=s written judgment does not
contain this portion of the sentence. Generally, an oral pronouncement of a
sentence will control over the written judgment, and the solution when there is
a conflict is to reform the written judgment to conform to the sentence that
was orally pronounced.  See, e.g.,
Thompson v. State, 108 S.W.3d 287, 290 (Tex. Crim.
App. 2003).  In this case, however, the
oral pronouncement of sentence contained an illegal condition imposed by the
trial court as an addition to the jury=s assessment of
punishment.  No authority dictates that
the written judgment, which accurately reflects the punishment assessed by the
jury, should be reformed to contain the illegal portion of the sentence
announced by the trial court.  Some
courts have held that the judgment does not need to be reformed under these
circumstances.  See In re Rubio,
55 S.W.3d 238, 243 (Tex. App.CCorpus Christi 2001, pet.
denied) (stating that legally unenforceable oral sentence did not prevail over
enforceable sentence later set forth in written judgment); Ribelin
v. State, 1 S.W.3d 882, 884 (Tex. App.CFort Worth 1999, pet. ref=d) (disregarding variation in
punishment between trial court=s oral rendition, which
exceeded statutory maximum for offense, and written judgment because sentence
imposed in written judgment was within statutory range of punishment and
appellant was serving the latter sentence); Garner v. State, 864 S.W.2d
92, 103 (Tex. App.CHouston [1st Dist.] 1993, pet.
ref=d) (stating that judgment did
not need to be reformed to delete condition of parole, which trial court was
without authority to impose, because trial court did not incorporate the order
it announced from the bench into the judgment and sentence).  Adopting the reasoning of the foregoing opinions,
we agree that we need not modify or otherwise correct the written judgment.

We have no way of knowing, however, whether appellant has
been required to display the two photographs of Lune
while in confinement in the Texas Department of Criminal Justice, Institutional
Division.  Therefore, we are compelled to
strike that portion of the trial court=s sentence requiring appellant
to display two photographs of Lune in his prison cell
as an illegal, and therefore void, sentence. 
See Heath v. State, 817 S.W.2d 335, (Tex. Crim.
App. 1991) (en banc) (AIf a punishment is not
authorized by law, that portion of the sentence imposing that punishment is
void.@) (citing Ex parte Johnson, 697 S.W.2d 606, 606B607 (Tex. Crim.
App. 1985)).  Accordingly, we sustain
appellant=s second point of error.

In conclusion, we strike the
illegal portion of the oral pronouncement of sentence requiring appellant to
display two photographs of his victim in his prison cell.  In all other respects, the trial court=s judgment is affirmed.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

Judgment
rendered and Opinion filed February 5, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.

Publish C Tex. R. App. P. 47.2(b).

 











[1]  Furthermore, we do not have the
authority to remand this matter to the trial court so that appellant can file a
motion for new trial when the deadline for such filing has long expired.  See Tex.
R. Civ. P. 329b; Tex. R. App. P. 21.4(a).





[2]  In this
context, we find instructive cases discussing illegal conditions of
probation.  In imposing conditions of
probation, trial courts have wide latitude granted to them by article 42.12 of
the Texas Code of Criminal Procedure. 
Nonetheless, the discretion granted to trial courts in imposing
conditions of probation is not unfettered. 
See generally, e.g., Barton v. State, 21 S.W.3d 287, 288B89 (Tex. Crim. App. 2000)
(stating that although a trial court has broad discretion in imposing
conditions of community supervision, if a trial court imposes an invalid
condition, the proper remedy is to reform the judgment of conviction by
deleting the condition); Ex parte Gingell, 842 S.W.2d 284, 285 (Tex. Crim.
App. 1992) (holding trial court lacked authority to impose electronic
monitoring requirement as condition of applicant=s
deferred adjudication probation); Ex parte Alakayi, 102 S.W.3d 426, 431 (Tex. App.CHouston [14th Dist.] 2003, no pet.) (stating that
permissible conditions of community supervision Ashould
have a reasonable relationship to the treatment of the accused and the
protection of the public@); Hollie v. State,
962 S.W.2d 302, 304 (Tex. App.CHouston [1st Dist.] 1998, pet. dism=d) (en banc) (modifying trial court=s sentence to 45 days in county jail as condition of
probation because statute provided a maximum of only 30 days in confinement as
a condition of community supervision in misdemeanor cases).