IN THE COURT OF CRIMINAL
APPEALS

                                   OF TEXAS

 

                                                                              

                                                                NO.
APB75,291



 

 

                               EX
PARTE JOSHUA WAYNE DELANEY, Applicant

 

                                                                              



                          ON
APPLICATION FOR A WRIT OF HABEAS CORPUS

                                                       FROM
SMITH COUNTY



 

 

Meyers, J.,
delivered the opinion of the Court, in which Price, Johnson, Keasler, Hervey, Holcomb, and Cochran, JJ., joined.  Keller,
P.J., and Womack, J.,
concurred.

 

                                                                  O
P I N I O N

 








Applicant, Joshua Wayne Delaney, was
indicted for aggravated robbery.  He
entered a non-negotiated plea of guilty to the allegation, signed a stipulation
of evidence swearing that all elements alleged in the indictment were true, and
was admonished by the court of the consequences of his plea.  In addition, Applicant signed and executed a
voluntary waiver of his right to appeal. 
Applicant was placed on deferred-adjudication community supervision for
ten years.  After he violated the terms
of community supervision, Applicant=s probation was revoked, and he was
sentenced to life  imprisonment in the
Texas Department of Criminal Justice Institutional Division and fined
$10,000.  Applicant sought the trial
court=s permission to appeal his sentence,
but was denied.  He filed an application
for a writ of habeas corpus, claiming that he was denied the right of
appeal.  We filed and set this
application for writ of habeas corpus and requested briefs from the parties to
determine whether a waiver of the right to appeal that was executed when the
defendant was placed on deferred-adjudication community supervision affects the
right of appeal after adjudication of guilt and sentencing.  We 
hold that Applicant was improperly denied the right to appeal his
sentence. 

FACTS








Applicant was on deferred
adjudication from a timely pass for plea of guilty to aggravated robbery.  A timely pass for plea allows the defendant
the choice of accepting the judge=s punishment or asking for a jury to
determine punishment.  At his hearing,
Applicant was admonished that there was no plea agreement in this case.  He waived his right to a jury trial, pled
guilty, and signed a stipulation of evidence stating that the allegations in
the indictment were true.  The parties
presented evidence, and the court heard argument on punishment.  The court found sufficient evidence to find
Applicant guilty, but deferred the finding, placing Applicant on
deferred-adjudication probation for a term of ten years and imposing conditions
of community supervision.  The court
asked Applicant if he wanted to accept this sentence or would like a jury to
determine punishment.  He chose to accept
the court=s deferred sentence.  Applicant was informed of his right to
appeal.  He testified that he understood
his rights and signed a waiver of appeal. 
The waiver of right to appeal states that Ahe does not wish to appeal his
conviction and expressly waives his right to appeal.@ 
The waiver was signed March 9, 2004, which was after he signed the
Timely Pass for Plea, but was the same day he signed the Conditions of
Community Supervision.  The trial court=s certification of defendant=s right to appeal, stating that the
defendant has waived the right to appeal is dated February 23, 2004.[1]  A second certification of defendant=s right to appeal was signed on
February 11, 2005, and also stated that the defendant waived appeal at the time
he was sentenced to probation. 








After ten months of
deferred-adjudication community supervision, the State filed  a motion to proceed to final adjudication,
stating that Applicant had violated the terms of his community
supervision.  Applicant pled true to the
allegations that he violated the conditions by failing to pay supervision fees
and failing to perform community-service hours. 
The court revoked his community supervision and proceeded to final
adjudication of guilt.  Finding Applicant
guilty, the court assessed punishment at confinement for life and a fine of
$10,000.  Applicant sought the trial
court=s permission to appeal his sentence,
but was denied.  He filed an application
for a writ of habeas corpus claiming that he was denied the right of
appeal.  We filed and set this case to
consider whether a waiver of the right of appeal prevents appeals from the
sentencing phase of trial when Applicant signed the waiver before final
adjudication and sentencing, the waiver is not bargained for, and punishment is
uncertain when the waiver is signed but the range of punishment for the offense
is known.

DISCUSSION

A defendant in any criminal action
has a right to appeal.  Tex. Code Crim. Proc.  art. 44.02. 
However, a defendant in a non-capital felony case may waive any rights
secured to him by law, including the right of appeal. Tex. Code Crim. Proc.  art. 1.14. 
Texas has Along held that a valid waiver of appeal prevents a defendant
from appealing without the trial court's consent.@ 
Monreal v. State, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003).  A valid waiver of the right to appeal is one
that was made voluntarily, knowingly, and intelligently.  Id.; Ex parte Tabor, 565 S.W.2d
945, 946 (Tex. Crim. App. 1978).

We have held that a defendant on
deferred-adjudication community supervision may not appeal from the trial
court's determination to proceed with an adjudication of guilt on the original
charge.  Tex. Code Crim. Proc. art. 42.12, ' 5(b);[2]
Hargesheimer v. State, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006).  Once a court has adjudicated guilt, it must
then conduct a second phase, distinct from the original plea hearing, to
determine punishment.  Id. at 912;
Kirtley v. State, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001). 








In Ex parte Townsend, 538
S.W.2d 419, 420 (Tex. Crim. App. 1976), and Ex parte Thomas, 545 S.W.2d
469, 470 (Tex. Crim. App. 1977), we held that waivers made before trial or
before sentencing cannot be valid for three reasons.  See also Monreal, 99 S.W.3d at
617.  First, when Townsend and Thomas
were decided, prematurely filed notices of appeal were ineffective because
the defendant=s right of appeal had not yet
matured.  Townsend, 538 S.W.2d at
420; Thomas, 545 S.W.2d at 470. 
Second, a defendant cannot anticipate unknown errors that might occur
during trial, therefore his waiver could not be made knowingly and
intelligently.  Id.  Last, before a defendant is sentenced, he
cannot know with certainty what punishment will be assessed.  Id. 
Therefore, a waiver entered into at this point of the trial cannot be
valid because the consequences of the waiver cannot be known.  Id. 
In both Townsend and Thomas, no plea agreement existed.  Townsend, 538 S.W.2d at 420; Thomas,
545 S.W.2d at 469-70.








The blanket rule invalidating all
presentencing waivers of appeal was changed in Blanco v. State, 18
S.W.3d 218, 219 (Tex. Crim. App. 2000), when we upheld a waiver of appeal that
was executed after conviction but before sentencing, in exchange for a recommended
sentence.  We held that there was no
compelling reason why the appellant should not be held to his bargain.  Blanco, 18 S.W.3d at 219-20; see
also Monreal, 99 S.W.3d at 618.  We
declined to follow Thomas and noted that the three issues raised in Thomas
and Townsend did not apply to the situation in Blanco.  First, in the time between our decision in Thomas
and our opinion in Blanco, the law changed to allow prematurely filed
notices of appeal to be effective.  Tex. R. App. P. 27.1(b); Panelli v.
State, 709 S.W.2d 655, 657 (Tex. Crim. App. 1986).  Regarding the second and third concerns
raised in Townsend and Thomas, the facts in Blanco were
distinguished because the accepted plea agreement and recommended sentence
eliminated any uncertainty as to potential future errors in the punishment
phase and uncertainty regarding the sentence. 
Blanco, 18 S.W.3d at 219-20. 
Any possible source of error which might arise during the sentencing
phase was removed because, upon reaching this phase of trial, the agreed-upon
punishment was applied.  Id.  Similarly, the agreed-upon sentence made the
appellant in Blanco fully aware of the consequences of signing the
waiver, eliminating the third concern.  Id.[3]  








In Monreal, we explained that Blanco
does not require a plea agreement for a waiver to be binding; rather the
importance of the plea agreement in Blanco was that it determined that
Appellant=s waiver was knowing and intelligent
by specifying the punishment.  Monreal,
99 S.W.3d at 622.  Monreal held
that there is no requirement that a waiver be bargained for in order for it to
be binding.  Monreal, 99 S.W.3d at
622.  However, the unbargained-for waiver
of appeal in Monreal was signed after his punishment was assessed and he
was sentenced, alleviating the concerns raised in Thomas and Townsend.


When a presentencing waiver of appeal
was not bargained for in exchange for an agreed upon sentence, concerns as to
the validity of the waiver are raised. 
This concern led us to conclude in Thomas and Townsend
that presentencing waivers are not binding because they cannot be made
knowingly, voluntarily, and intelligently. 
As in the case before us, there was no plea agreement in Thomas
or Townsend.  In Blanco,
there was a plea agreement, which was important to show that the waiver was
knowing and voluntary.  In Monreal,
the waiver of appeal was signed after he was sentenced, so the waiver
was held to be knowing and voluntary. 

ANALYSIS








In the case before us, the waiver of
appeal was executed before the trial court decided to proceed to adjudication
of guilt, it was unbargained for, and there was no recommended sentence.  Thus, Applicant=s waiver of appeal was not made
knowingly and intelligently regarding the sentencing phase of trial.  Like Townsend and Thomas,
Applicant could not know with certainty at the time he waived his right to
appeal if the court would ever proceed to final adjudication or what punishment
would be assessed.  Townsend, 538
S.W.2d at 420; Thomas, 545 S.W.2d at 470.








When the punishment that may be
assessed if guilt is adjudicated is not certain, the validity of a pretrial
waiver of appeal is in question because the waiver cannot be knowing and
intelligent when potential errors cannot be anticipated and the consequences of
the waiver are unknown.  Since Applicant
did not bargain for his waiver or have a sentencing recommendation at the time
he waived his right of appeal, the facts are distinguishable from the situation
in Blanco.  Even when a waiver is
bargained for in exchange for deferred adjudication, if the plea agreement does
not contain a recommended punishment to be imposed if guilt is adjudicated,
then the waiver may not be knowing and intelligent and thus may not be
valid.  While a recommended sentence may
remove uncertainty, it does not guarantee that the defendant will receive the
specified sentence.  Because the court is
not bound by a plea bargain at the hearing on the motion to adjudicate guilt, a
defendant cannot be certain of the term of his sentence until he violates the
conditions of his community supervision and guilt is adjudicated.  See Ex Parte Huskins, 176 S.W.3d 818,
819 (Tex. Crim. App. 2005) (stating that A[e]ven if the parties purport to have
a plea bargain as to the sentence to be assessed after adjudication, the trial
court is not bound by the rules that apply to plea bargains at an original
sentencing@); 
Von Schounmacher v. State, 5 S.W.3d 221, 223 (Tex. Crim. App.
1999) (holding that Aregardless of whether the deferred adjudication was part of a
plea bargain, recommended by the prosecution, imposed by the trial court
without objection by the appellant, or granted under other circumstances, once
the trial court proceeds to adjudication, it is restricted in the sentence it
imposes only by the relevant statutory limits.@).

The instant case does not escape all
three concerns expressed in Townsend and Thomas.  Unlike Blanco, the punishment that
would be imposed if Applicant was adjudicated guilty was uncertain when he
waived his right of appeal.  In Blanco,
a plea bargain that determined punishment was relied upon to find that the
appellant knew the consequences of the waiver, and there were no compelling
reasons not to uphold the waiver.  Blanco,
18 S.W.3d at 219-20.  And the appellant
knew what sentence would be imposed if he was adjudicated guilty, so there was
no concern regarding unanticipated errors. 
Id.  This knowledge is the
basis for the determination that the waiver in Blanco was binding.  Id. 
By contrast, when there is not a recommended maximum punishment at the
time a waiver is made, the consequences of a waiver cannot be known, and such a
waiver is not knowing and intelligent.  








The issue in the case before us most
resembles the facts in Townsend and Thomas, where there were no
plea agreements, so the waiver of appeal was not binding because of the
potential for future errors and because the punishment was uncertain.  Although we held in Blanco that
pretrial waivers of the right of appeal can be binding, Blanco is
distinguishable from the instant case because in Blanco, all future
uncertainty was removed by a plea agreement, making the pretrial waiver of appeal
voluntary, knowing, and intelligent. 

To remove the confusion that has
arisen related to pretrial waivers of appeal, we hold that, in order for a
pretrial or presentencing waiver of the right to appeal to be binding at the
punishment phase of trial, the waiver must be voluntary, knowing, and
intelligent.  One way to indicate that
the waiver was knowing and intelligent is for the actual punishment or maximum
punishment to have been determined by a plea agreement when the waiver was
made.  However, simply knowing the range
of punishment for the offense is not enough to make the consequences of a
waiver known with certainty, because it still does not allay the concern that
unanticipated errors may occur at the punishment phase of trial.

CONCLUSION








Because his waiver was not knowing
and intelligent concerning the punishment phase of trial, Applicant=s pretrial waiver of appeal does not
prevent appeals from his sentence.  When
Applicant waived his right of appeal at the time he agreed to deferred
adjudication, he could not know what errors might occur at the sentencing phase
of trial or what punishment would be assessed if guilt was adjudicated.  Therefore, Applicant=s waiver was not knowing and
intelligent and does not bar him from appealing from the punishment phase of
trial.  Relief is granted, and the trial
court is instructed to certify Applicant=s right to appeal issues related to
his sentence.

 

Meyers, J.

 

Delivered: November 22, 2006

Publish 

 











[1] While it seems odd that the trial court=s certification of defendant=s right to appeal was signed and dated before
Applicant signed and dated the waiver of his right to appeal, these are the
dates listed on the documents.  Both
documents were filed with the clerk of the court on March 12, 2004.





[2]Texas
Code of Criminal Procedure article 42.12, '
5(b) states in part that A[a]fter
an adjudication of guilt, all proceedings, including assessment of punishment,
pronouncement of sentence, granting of community supervision, and defendant's
appeal continue as if the adjudication of guilt had not been deferred.@ 





[3]It
is interesting to note that the courts of appeals have continued to hold that
presentencing waivers do not prevent appeals from the punishment phase of trial
when a defendant=s
punishment is not certain by relying on Townsend and Thomas
instead of Blanco.  Tufele v.
State, 130 S.W.3d 267, 270 (Tex. App.CHouston
[14 Dist.] 2004, no pet.) (holding that 
presentencing waiver did not prevent appeals from the punishment phase
of trial because without a sentencing recommendation, the waiver=s consequences could not be known and
the appellant neither bargained for a sentencing recommendation nor waived his
right to appeal after sentencing); Perez v. State, 129 S.W.3d 282,
287-88 (Tex. App.CCorpus
Christi 2004, no pet.) (reasoning that the waiver was not knowing and
intelligent because the appellant could not know the consequences of the waiver
at the time it was executed); Arnone v. State, No. 05-03-01165-CR, 2004
WL 147612, at *1 (Tex. App.CDallas
Jan 28, 2004) (holding that because the appellant could not have known what his
sentence would be at the time he entered his plea, Monreal and Blanco
are not controlling); Andrews v. State, Nos. 2-02-353-CR,
2-02-354-CR, 2003 WL 21770816, at *1-2 (Tex. App.CFort
Worth, July 31, 2003, pet. dism=d)
(an unbargained-for presentencing waiver of the right of appeal was not binding
although the appellant=s
punishment was within the proper range for the offense); Stowe v. State,
124 S.W.3d 228, 234-36 (Tex. App.CEl
Paso 2003, no pet.) (because the appellant did not know what errors might occur
at the future sentencing proceeding, and because the plea bargain did not
recommend a sentence, the appellant=s
waiver was not knowing as it related to the sentencing phase of trial although
he knew at the time he waived his right to appeal what the range of punishment
would be if he was adjudicated guilty); Talbott v. State, 93 S.W.3d 521,
523-24 (Tex. App.CHouston
[14 Dist.] 2002, no pet.) (although waiver was bargained for, it was not upheld
because no agreed-upon punishment had been mentioned).