Opinion issued November 17, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-07-00516-CR

———————————

MICHAEL RAYMOND PETER, Appellant

V.

The State of
Texas, Appellee



 



 

On
Appeal from County Court at Law No. 2

Fort
Bend County, Texas



Trial
Court Case No. 125330

 



MEMORANDUM OPINION

A jury found appellant, Michael Raymond Peter, guilty of the misdemeanor
offense of driving while intoxicated. 
Prior to commencement of the punishment phase of trial, appellant
reached an agreement with the State regarding punishment.  In accordance with the agreement, the trial
court assessed punishment at a fine of $1,500 and confinement for 180 days,
suspended for two years.  The trial court
certified that appellant waived the right of appeal.  Appellant filed a motion for new trial and a pro
se notice of appeal. 

          In
its motion to dismiss, the State asserts that this court lacks jurisdiction to
hear this appeal because appellant waived his right to appeal when the trial
court accepted his plea agreement as to punishment, citing Blanco v. State, 18 S.W.3d 218 (Tex. Crim. App. 2000).   

          A
valid waiver of the right to appeal will prevent a defendant from appealing
without the consent of the trial court. Tex.
Code Crim. Proc. Ann. art. 1.14(a) (Vernon Supp. 2009); Monreal v. State, 99 S.W.3d 615, 617
(Tex. Crim. App. 2003). When a defendant waives his right of appeal as part of an
agreement on sentencing and the agreement is followed by the court, his waiver
is made knowingly, intelligently, and voluntarily. See Ex parte Delaney, 207 S.W.3d 794, 798-99 (Tex. Crim. App.
2006); see also Blanco, 18 S.W.3d at
219-20.

          In Blanco, after the jury convicted the
defendant, he waived his right to appeal pursuant to an agreement that the
State would recommend a 16-year sentence. 
Id. at 219.  The State made the recommendation, and the
trial court assessed punishment in accordance with the agreement.  Id.  Nevertheless, the defendant appealed.  Id.  The
appellate court dismissed, and the court of criminal appeals granted
review.  Id.  The issue presented was
whether a defendant could be bound to a post-conviction, pre-sentencing waiver
of appeal. Monreal, 99 S.W.3d at
618-19.  

          Prior
to Blanco, the court of criminal
appeals had held that pre-sentencing waivers were not binding because they
could not, as a matter of law, be made knowingly, voluntarily, and
intelligently.  Id. at 618 (citing Ex parte
Thomas, 545 S.W.2d 469 (Tex. Crim.
App. 1977)).  The rationale in Thomas was, in part, that the defendant
had no way of knowing what his punishment would be.  Id.

          In Blanco, unlike Thomas, the appellant had bargained for a sentencing
recommendation.  Blanco, 18 S.W.3d at 219. 
This fact was significant because the defendant knew his punishment,
which put him in the position of being able to knowingly, voluntarily, and
intelligently waive appeal.  Monreal, 99 S.W.3d at 618. In affirming
the appellate court’s dismissal, the court of criminal appeals concluded that the defendant’s waiver
of appeal was valid and prevented him from appealing without the trial court’s
consent.  Id.  Nothing in Blanco depended on the existence of a
plea bargain as defined by Rule 25.2; rather, it was the existence of an
agreement that allowed the defendant to know what his punishment would be that
was of significance. Monreal, 99
S.W.3d at 620

          Here,
as in Blanco, the record shows that
appellant bargained for an agreed sentence in exchange for waiving, inter alia,
his right of appeal. 

The transcript of the punishment hearing states, in pertinent
part, as follows:

THE COURT:                .
. . . The jury has previously returned with a verdict of guilty.  We are now in the punishment stage. . . .

. . . .

. . . . It’s my understanding that both the State and
the Defendant have reached an agreement on punishment so that you do not have
to go to the jury for punishment; is that correct?

          [Defense counsel]:              
     That’s correct.

THE COURT:                All
right.  Recite the terms of the agreement
and [State], . . . let me know if that is the agreement.

[Defense counsel]:          The
State has agreed to a $1,500 fine plus court costs, [and] 180 days probated for
24 months . . . .

THE COURT:                [Appellant],
you understand what the terms of this agreement are?

[Appellant]:                   Yes,
sir, I do.

THE COURT:                And,
you have participated in arranging these terms and agree to them?

[Appellant]:                   Yes,
sir.

. . . .

THE COURT:                And,
you are willing to accept that?

 

          [Appellant]:                   Yes,
sir, I am.

          The
record also reflects that after being found guilty and then reaching a plea
agreement as to punishment, appellant was admonished in writing that if the
trial court acted in accordance with the plea agreement he would have a limited
right of appeal, which he then waived by signing a document stating as follows:

With the knowledge and understanding of the above, I
intelligently, knowingly, and voluntarily, waive my right to file a “Motion for
New Trial,” a “Motion in Arrest of Judgment,” a “Notice of Appeal,” or any
right to appeal that I have in this cause of action as evidenced by my
signature below.

          A valid
waiver of the right to appeal prevents a defendant from appealing without the
consent of the trial court.  See id. 
The Trial Court’s Certification of Defendant’s Right to Appeal
indicates that “the Defendant has waived the right of appeal.”

When a defendant waives his right of appeal as part of an
agreement on sentencing and the agreement is followed by the trial court, his
waiver is made knowingly, intelligently, and voluntarily, and he may not appeal
any matters unless the trial court first grants permission.  Ex parte
Delaney, 207 S.W.3d 794, 798–99 (Tex. Crim. App. 2006); Blanco, 18 S.W.3d at 219–20.  The record supports the trial court’s
certification that appellant waived his right of appeal.  

Accordingly, we dismiss the appeal for want of jurisdiction.  All pending motions are dismissed as moot.

We direct the Clerk to issue the mandate within 10 days of
the date of this opinion.  See Tex.
R. App. P. 18.1.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Bland
and Huddle.

Do not publish. 
 Tex. R. App. P. 47.2(b).