

# NUMBER 13-13-00617-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KARDELL LAMONT JONES,                                                  Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 26th District Court
### of Williamson County, Texas.

# ORDER OF ABATEMENT

### Before Justices Rodriguez, Garza and Perkes
### Order Per Curiam

Appellant, Kardell LaMont Jones, filed a notice of appeal from his conviction in trial court cause number 12-1086-K26.  The trial court's certification of the defendant's right to appeal stated that the defendant does not have the right to appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  Accordingly, on November 13, 2013, we ordered appellant's lead appellate counsel to, within thirty days:  (1) review the record; (2) determine whether

appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal and/or advise this Court as to the existence of any amended certification.  We further ordered counsel, if she determined that appellant has a right to appeal, to file a motion with this Court within thirty days identifying and explaining substantive reasons why appellant has a right to appeal.

Counsel has filed a motion explaining why appellant has a right to appeal in the instant case and arguing that the certification included in the record is therefore incorrect.  Counsel moved to abate the appeal in order to obtain an amended certification from the trial court.  We will grant the motion.

In *Ex parte Thomas*, the Texas Court of Criminal Appeals held that "waiver of the right of appeal made prior to trial, as a matter of law, cannot be knowingly and intelligently made and such a waiver is not binding on defendant."  545 S.W.2d 469, 470 (Tex. Crim. App. 1977).  *Thomas* has since been abrogated with respect to cases where the State, in exchange for the defendant's waiver of right to appeal, agreed to make a sentencing recommendation to the trial court.  *See, e.g., Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000) (noting that that "the considerations that led to our decisions in pretrial-waiver-of-the-right-to-appeal cases . . . are less compelling in cases like this at least where the trial court follows the prosecution's sentencing recommendation").  Here, appellant pleaded true to allegations that he violated the terms of his community supervision.  He formally waived his right to appeal on July 8, 2013.  Adjudication and sentencing took place on August 18, 2013.  Appellant's waiver was not made in exchange for the State's sentencing recommendation; instead, the record reflects that the State made no recommendation as to appellant's sentence.

2

Accordingly, the rule pronounced in *Ex parte Thomas* applies. Appellant's waiver of right to appeal was invalid because it was made prior to trial and sentencing.

"[A]uthority obligates us to take appropriate action under Texas Rule of Appellate Procedure 37.1 when defects are discovered and are not corrected by the parties." *Hargesheimer v. State*, 126 S.W.3d 658, 659 (Tex. App.—Amarillo 2004, pet. ref'd). "A certification that the appellant waived his right to appeal when the waiver is invalid as a matter of law is one such defect in the certification." *Id.* at 659–60. Accordingly, we hereby DENY, without prejudice, the State's motion to dismiss; GRANT appellant's motion to abate; ABATE the appeal until further order of this Court; and REMAND the cause to the trial court with directions to re-certify whether appellant has a right to appeal on or before thirty days from the date of this order. *See* TEX. R. APP. P. 37.1. The trial court's re-certification must be included in a supplemental clerk's record filed with the clerk of this Court on or before 45 days from the date of this order. *See* TEX. R. APP. P. 34.5(c)(2). The parties to the appeal are hereby notified that, if no such re-certification is filed with the clerk of this Court as prescribed herein, the appeal will be dismissed. *See* TEX. R. APP. P. 37.1.

IT IS SO ORDERED.

PER CURIAM

Do Not Publish.
TEX. R. APP. P. 47.2(b)
Order delivered and filed the
8th day of January, 2014.

3