

NUMBER 13-13-00617-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**KARDELL LAMONT JONES,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

### On appeal from the 26th District Court
### of Williamson County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Benavides**
**Memorandum Opinion by Justice Garza**

Appellant, Kardell LaMont Jones, was charged by indictment with aggravated assault causing serious bodily injury, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (West, Westlaw through 2013 3d C.S). Jones pleaded guilty and was placed on deferred-adjudication community supervision for ten years. *See* TEX. CODE

CRIM. PROC. ANN. art. 42.12, § 5 (West, Westlaw through 2013 3d C.S.). Several months later, the State filed a motion to adjudicate, alleging that Jones had violated various terms of his community supervision. Jones pleaded true to the allegations. The trial court found the allegations true, adjudicated Jones guilty of the indicted offense, and sentenced him to fifteen years' imprisonment. The trial court certified Jones's right to appeal.[1] *See* TEX. R. APP. P. 25.2. We affirm.[2]

## I. *ANDERS* BRIEF

Jones's appellate counsel has filed a motion to withdraw and a brief in support thereof in which she states that she has diligently reviewed the entire record has concluded that "any further proceedings on behalf of appellant would be wholly frivolous and without arguable merit." *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). Counsel has informed this Court that she has (1) examined the record and has found no arguable grounds to advance on appeal, (2) served copies of the brief and motion to withdraw on Jones, and (3) informed Jones of

---

[1] The trial court initially filed a certification stating that Jones had waived his right to appeal. However, in cases where no sentencing recommendation has been made by the State, "waiver of the right of appeal made prior to trial, as a matter of law, cannot be knowingly and intelligently made and such a waiver is not binding on defendant." *Ex parte Thomas*, 545 S.W.2d 469, 470 (Tex. Crim. App. 1977). The trial court subsequently, at our direction, filed an amended certification stating that Jones has the right to appeal.

[2] This appeal was transferred from the Third Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

his right to review the record and to file a pro se response.[3]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3.  More than an adequate time has passed, and no pro se response has been filed.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the record in this case and find that the appeal is wholly frivolous and without merit.  *See Bledsoe*, 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Jones's appellate counsel has filed a motion to withdraw.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant the motion to withdraw.

---

[3] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

We order counsel to send a copy of the opinion and judgment to Jones and to advise him of his right to file a petition for discretionary review within five days of the date of this opinion.[4]  *See* Tex. R. App. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

DORI CONTRERAS GARZA,
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
12th day of June, 2014.

---

[4] No substitute counsel will be appointed.  Should Jones wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* Tex. R. App. P. 68.2.  Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see* Tex. R. App. P. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* Tex. R. App. P. 68.4.