COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NOS. 2-02-353-CR
     2-02-354-CR
 
TAMMIE MACKEY ANDREWS                                                          APPELLANT
V.
THE STATE OF TEXAS                                                                     
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 2 OF
TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
Appellant Tammie Mackey Andrews appeals from her convictions in two cases for
aggravated robbery with a deadly weapon. We affirm.
Appellant entered an open plea of guilty to the allegations in the
indictments. In each case, the trial court properly admonished Appellant in
writing regarding her rights and the effect and consequences of her plea. In
both cases, Appellant waived her right to a jury trial, waived the presence of a
court reporter and the making of a record, waived her right to demand that
witnesses be present and subject to cross-examination, and waived her right to
appeal unless the trial court permitted her to do so. We have no reporter's
record of the hearing in which Appellant entered her pleas. Appellant also
signed a written judicial confession that was introduced during the hearing on
sentencing, which was held almost two months after she entered her guilty pleas.
Appellant's court-appointed appellate counsel has filed a motion to withdraw
as counsel and a brief in support of that motion. In the brief, counsel states
that he submits the brief to comply with the requirements of Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief indeed
meets the requirements of Anders by presenting a professional
evaluation of the record demonstrating why no arguable grounds for relief exist.
Once an appellant's court-appointed counsel files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record
and to essentially rebrief the case for the appellant to see if any arguable
ground may be raised on the appellant's behalf. Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991).
A valid waiver of appeal, whether negotiated or non-negotiated, will prevent
a defendant from appealing without the trial court's permission. Monreal v.
State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). If a defendant enters a
waiver of her right to appeal before she is aware of the consequences of her
plea, the waiver is invalid. See Ex parte Thomas, 545 S.W.2d 469, 470
(Tex. Crim. App. 1977); Ex parte Townsend, 538 S.W.2d 419, 420 (Tex.
Crim. App. 1976). Because Appellant could not have known what her sentence would
be at the time she entered her plea, Monreal does not apply. We
therefore will address the merits of Appellant's complaints.
Because Appellant pled guilty to the offenses, she has waived the right to
appeal any nonjurisdictional defects, other than the voluntariness of her plea,
that occurred before entry of the plea. See Lewis v. State, 911 S.W.2d
1, 4-5 (Tex. Crim. App. 1995); Broddus v. State, 693 S.W.2d 459, 461
(Tex. Crim. App. 1985). If the judgment, however, was not rendered independently
of error occurring before entry of the plea, Appellant may appeal that error. Young
v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000) ("Whether
entered with or without an agreed recommendation of punishment by the State, a
valid plea of guilty or nolo contendere 'waives' or forfeits the right to appeal
a claim of error only when the judgment of guilt was rendered
independent of, and is not supported by, the error.") (emphasis added).
Therefore, our independent review of the record for potential error is limited
to potential jurisdictional defects, the voluntariness of Appellant's plea,
error that is not independent of and supports the judgment of guilt, and
potential error occurring after the guilty plea. This court provided Appellant
the opportunity to file a pro se brief. Appellant filed a brief in which she
raised thirteen issues on appeal.
Our review of the record reveals no jurisdictional defects. The trial court
had jurisdiction over the case. See Tex. Code Crim. Proc. Ann. art.
4.05 (Vernon Supp. 2003). Further, the indictments track the language of the
offense of aggravated robbery for which Appellant was convicted, sufficiently
conferred jurisdiction on the trial court, and provided Appellant with
sufficient notice. See Tex. Const. art. V, § 12; Duron v. State,
956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997); Tex. Penal Code Ann. §
29.03(a)(2) (Vernon 2003). No reversible grounds of jurisdictional error exist,
and we overrule Appellant's sixth issue.
Although we do not have a reporter's record of the hearing where Appellant
entered her plea, the record indicates that Appellant pled guilty in open court.
The record reveals that Appellant's pleas were made knowingly and voluntarily.
Although we do not know whether the trial court orally admonished Appellant
regarding her rights, the record reflects that it did properly admonish
Appellant in writing. See Tex. Code Crim. Proc. Ann. art. 26.13(d)
(Vernon 1989). Nothing in the record supports a claim that Appellant's plea was
involuntary. The record does not contain any evidence that Appellant's plea was
involuntary, and we overrule Appellant's third issue.
The record also reveals that no error occurred before the judgment of guilt
was entered. The judgment was based on Appellant's plea, her signed judicial
confession, and evidence presented at the punishment phase. See Stewart v.
State, 12 S.W.3d 146, 148-49 (Tex. App--Houston [1st Dist.]
2000, no pet.) (holding whether the evidence showing the defendant's guilt comes
in at guilt-innocence or punishment phase is inconsequential, provided the
evidence is in the record). As a result, no appealable error exists under the
holding of Young. 8 S.W.3d at 666-67.
During the punishment hearing, the State questioned Appellant about her
juvenile criminal record. Trial counsel made no objection to the line of
questioning, and Appellant has waived any right to complain about that issue on
appeal. See Tex. R. App. P. 33.1(a)(1). Further, the record does not
show that trial counsel's failure to object was not the result of sound trial
strategy, so we cannot conclude that his failure was ineffective. See
Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984).
In addition, our independent review of the record has not revealed any evidence
that trial counsel provided erroneous advice to Appellant before or during the
plea proceedings, and we find no other indication in the record that Appellant's
trial counsel was constitutionally ineffective. See id.; Woodward
v. State, 996 S.W.2d 925, 928 (Tex. App.--Houston [1st Dist.]
1999, pet. ref'd), cert. denied, 529 U.S. 1092 (2000). We overrule
Appellant's first, second, fourth, ninth, tenth, eleventh, twelfth, and
thirteenth issues.
Appellant erroneously contends that, because no evidence was introduced that
showed she personally used or exhibited a weapon, the trial court erred in
making an affirmative deadly weapon finding. On the contrary, a trial court may
make an affirmative finding of the use or exhibition of a deadly weapon, even
against a defendant who never used or brandished a deadly weapon during the
commission of the offense, so long as the defendant (1) was a party to an
offense where a deadly weapon was used or exhibited and (2) knew such a weapon
would be used or exhibited. Sarmiento v. State, 93 S.W.3d 566, 569
(Tex. App.--Houston [14th Dist.] 2002, pet. ref'd) (op. on reh'g en
banc). Here, the evidence showed Appellant knew a gun was to be used during the
robberies. We overrule Appellant's fifth and seventh issues.
As to Appellant's sentence, the trial court assessed punishment within the
statutorily permissible range. Aggravated robbery is a first degree felony, with
a penalty range of five to ninety-nine years or life in prison and up to a
$10,000 fine. See Tex. Penal Code Ann. §§ 12.32, 29.03. Appellant was
sentenced to twenty-five years' confinement. Thus, nothing suggests that the
trial court erred in sentencing Appellant.
Lastly, Appellant contends that the State "presented false witness
(Stella Parsons) when the state knew [Parsons] was not the proper
complainant." Parsons testified at the punishment hearing that Appellant's
accomplice held a gun to her head and robbed her while Appellant waited outside
in the getaway car. The record provides sufficient evidence that Parsons was a
proper complainant, and we overrule Appellant's eighth issue.
After independently reviewing the record and reviewing Appellant's pro se
brief, we agree with appellate counsel's determination that any appeal from
these cases would be frivolous. Accordingly, we grant appellate counsel's motion
to withdraw and affirm the trial court's judgment.
 
                                                                      
PER CURIAM
 
PANEL F: HOLMAN, J.; CAYCE, C.J.; and DAY, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 31, 2003

1. See Tex. R. App. P. 47.4.