andrews v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

                                    NOS. 2-02-353-CR

2-02-354-CR

TAMMIE MACKEY ANDREWS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Tammie Mackey Andrews appeals from her convictions in two cases for aggravated robbery with a deadly weapon.  We affirm.

Appellant entered an open plea of guilty to the allegations in the indictments.  In each case, the trial court properly admonished Appellant in writing regarding her rights and the effect and consequences of her plea.  In both cases, Appellant waived her right to a jury trial, waived the presence of a court reporter and the making of a record, waived her right to demand that witnesses be present and subject to cross-examination, and waived her right to appeal unless the trial court permitted her to do so.  We have no reporter’s record of the hearing in which Appellant entered her pleas.  Appellant also signed a written judicial confession that was introduced during the hearing on sentencing, which was held almost two months after she entered her guilty pleas.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel states that he submits the brief to comply with the requirements of
 Anders v. California, 
386 U.S. 738, 87 S. Ct. 1396 (1967).  Counsel’s brief indeed meets the requirements of 
Anders
 by presenting a professional evaluation of the record demonstrating why no arguable grounds for relief exist.  

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders,
 this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if any arguable ground may be raised on the appellant’s behalf.  
Stafford v. State,
 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

A valid waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the trial court’s permission.  
Monreal v. State,
 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).  If a defendant enters a waiver of her right to appeal before she is aware of the consequences of her plea, the waiver is invalid.  
See Ex parte Thomas,
 545 S.W.2d 469, 470 (Tex. Crim. App. 1977); 
Ex parte Townsend,
 538 S.W.2d 419, 420 (Tex. Crim. App. 1976).  Because Appellant could not have known what her sentence 
would be at the time she entered her plea, 
Monreal
 does not apply.  We therefore will address the merits of Appellant’s complaints. 

Because Appellant pled guilty to the offenses, she has waived the right to appeal any nonjurisdictional defects, other than the voluntariness of her plea, that occurred before entry of the plea.
  See Lewis v. State,
 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995);
 Broddus v. State,
 693 S.W.2d 459, 461 (Tex. Crim. App. 1985).  
If the judgment, however, was not rendered independently of error occurring before entry of the plea, Appellant may appeal that error.  
Young v. State,
 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000) (“Whether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo contendere ‘waives’ or forfeits the right to appeal a claim of error 
only when
 the judgment of guilt was rendered independent of, and is not supported by, the error.”) (emphasis added).  Therefore, our independent review of the record for potential error is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, error that is not independent of and supports the judgment of guilt, and potential error occurring after the guilty plea.  This court provided Appellant the opportunity to file a pro se brief.  Appellant filed a brief in which she raised thirteen issues on appeal.

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
See 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon Supp. 2003).  Further, the indictments track the language of the offense of aggravated robbery for which Appellant was convicted, sufficiently conferred jurisdiction on the trial court, and provided Appellant with sufficient notice.  
See
 
Tex. Const
. art. V, § 12; 
Duron v. State,
 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997); 
Tex. Penal Code Ann. 
§ 29.03(a)(2) (Vernon 2003).  No reversible grounds of jurisdictional error exist, and we overrule Appellant’s sixth issue.

Although we do not have a reporter’s record of the hearing where Appellant entered her plea, the record indicates that Appellant pled guilty in open court.  The record reveals that Appellant’s pleas were made knowingly and voluntarily.  Although we do not know whether the trial court orally admonished Appellant regarding her rights, the record reflects that it did properly admonish Appellant in writing.  
See
 Tex. Code Crim. Proc. Ann.
 art. 26.13(d) (Vernon 1989).  Nothing in the record supports a claim that Appellant’s plea was involuntary.  
The record does not contain any evidence that Appellant’s plea was involuntary, and we overrule Appellant’s third issue.

The record also reveals that no error occurred before the judgment of guilt was entered.  The judgment was based on Appellant’s plea, her signed judicial confession, and evidence presented at the punishment phase.  
See Stewart v. State,
 12 S.W.3d 146, 148-49 (Tex. App—Houston [1
st
 Dist.] 2000, no pet.)  (holding whether the evidence showing the defendant’s guilt comes in at guilt-innocence or punishment phase is inconsequential, provided the evidence is in the record).  As a result, no appealable error exists under the holding of 
Young.
  8 S.W.3d at 666-67.

During the punishment hearing, the State questioned Appellant about her juvenile criminal record.  Trial counsel made no objection to the line of questioning, and Appellant has waived any right to complain about that issue on appeal.  
See
 
Tex. R. App. P.
 33.1(a)(1).  Further, the record does not show that trial counsel’s failure to object was not the result of sound trial strategy, so we cannot conclude that his failure was ineffective.  
See Strickland v. Washington
, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984). 
 In addition, our independent review of the record has not revealed any evidence that trial counsel provided erroneous advice to Appellant before or during the plea proceedings, and we find no other indication in the record that Appellant’s trial counsel was constitutionally ineffective. 
See id.;
 
Woodward v. State,
 996 S.W.2d 925, 928 (Tex. App.—Houston [1
st
 Dist.] 1999, pet. ref’d), 
cert. denied,
 529 U.S. 1092 (2000). We overrule Appellant’s first, second, fourth, ninth, tenth, eleventh, twelfth, and thirteenth issues.

Appellant erroneously contends that, because no evidence was introduced that showed she personally used or exhibited a weapon, the trial court erred in making an affirmative deadly weapon finding.  On the contrary, a trial court may make an affirmative finding of the use or exhibition of a deadly weapon, even against a defendant who never used or brandished a deadly weapon during the commission of the offense, so long as the defendant (1) was a party to an offense where a deadly weapon was used or exhibited and (2) knew such a weapon would be used or exhibited.
  Sarmiento v. State,
 93 S.W.3d 566, 569 (Tex. App.—Houston [14
th
 Dist.] 2002, pet. ref’d) (op. on reh’g en banc).  Here, the evidence showed Appellant knew a gun was to be used during the robberies.  We overrule Appellant’s fifth and seventh issues.

As to Appellant’s sentence, the trial court assessed punishment within the statutorily permissible range.  Aggravated robbery is a first degree felony, with a penalty range of five to ninety-nine years or life in prison and up to a $10,000 fine.  
See
 
Tex. Penal Code Ann. 
§§ 12.32, 29.03.  Appellant was sentenced to twenty-five years’ confinement. Thus, nothing suggests that the trial court erred in sentencing Appellant. 

Lastly, Appellant contends that the State “presented false witness (Stella Parsons) when the state knew [Parsons] was not the proper complainant.”  Parsons testified at the punishment hearing that Appellant’s accomplice held a gun to her head and robbed her while Appellant waited outside in the getaway car.  The record provides sufficient evidence that Parsons was a proper complainant, and we overrule Appellant’s eighth issue.

After independently reviewing the record and reviewing Appellant’s pro se brief, we agree with appellate counsel’s determination that any appeal from these cases would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and DAY, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: July 31, 2003 

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.