ACCEPTED
12-15-00012-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/17/2015 11:44:40 AM
CATHY LUSK
CLERK

## NO. 12-15-00012-CR

_____

IN THE COURT OF APPEALS
FOR THE TWELFTH JUDICIAL DISTRICT
OF TEXAS AT TYLER

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/17/2015 11:44:40 AM
CATHY S. LUSK
Clerk

_____

**ANTHONY JERMAINE MALLARD**, Appellant

V.

**THE STATE OF TEXAS**, Appellee

_____

On Appeal From The 188th Criminal District
Court of Gregg County, Texas
the Honorable David Brabham,
Presiding in Cause No. 43518-A

_____

## APPELLANT'S MOTION FOR REHEARING

TO THE HONORABLE COURT OF APPEALS:

Appellant Anthony Jermaine Mallard ("Mr. Mallard" or "Appellant"), files

this Motion for Rehearing pursuant to Rule 49.1 of The Texas Rules of Appellate

Procedure. In support of this motion, Mr. Mallard would show the following:

By opinion handed down on July 8, 2015, this Court dismissed Mr. Mallard's

appeal. *See Mallard v. State*, No. 12-15-00012-CR, 2015 WL 4116749 (Tex. App.–Tyler,

July 8, 2015, no. pet. h.) (mem. op., not designated for publication). This motion for

Rehearing is therefore timely.

## I. Facts

1. After a bench trial conviction, Mr. Mallard was sentenced to five (5) years incarceration, for the second degree felony offense of sexual assault of a child. (C.R. 23).

2. During the course of the punishment hearing held before the court on December 18, 2014, Mr. Mallard orally entered a non-negotiated waiver of his right to appeal. That waiver was based on the advice of counsel and occurred *after* Mr. Mallard had been sentenced by the trial court. (IV R.R. 65).

3. The Trial Court's Certification of Defendant's Right of Appeal entered by the trial court on December 18, 2014, states that "the defendant has waived the right of appeal." (C.R. 28).

4. Having obtained new counsel, Mr. Mallard filed a timely motion for new trial, in which he complained that his trial counsel had rendered ineffective assistance of counsel.[1] (C.R. 33).

5. On February 16,2015, a hearing was held on the motion for new trial. (V R.R. *passim*). After noting that Mr. Mallard had waived his right to appeal at the punishment hearing, the trial court specifically allowed Mr. Mallard to proceed on his motion to "develop a record" because "an appellate court will have to deal with all these issues." (V R.R. 10). The trial court denied the motion for new trial on substantive grounds, holding that the evidence did not establish ineffective assistance of counsel. (V R.R. 69).

---

[1] Note that the 30th day, January17, 2015, was a Saturday, and January19, 2015, was a legal holiday, thereby causing Tuesday, January 20, 2015, to be the deadline for filing this Motion for New Trial. TEX. R. CIV. P. 5. Though there was some confusion regarding the application of the mailbox rule to criminal cases, the trial court ultimately agreed that the rule did apply in criminal cases. (VR.R. 63). The uncontroverted representation by counsel that the motion for new trial was deposited with the United States Postal Service on the timely date of January20, 2015 (V R.R. 8), when combined with the fact that the motion was date stamped and filed by the district clerk on January22, 2015–which was within 10 days of the due date–is sufficient to demonstrate the timeliness of the filing. *See* TEX. R. APP. P. 9.2.

6.      On January 16, 2015, Mr. Mallard filed a timely notice of appeal. (C.R. 32).

7.      Pursuant to Rule 34.5( c) of the Texas Rules of Appellate Procedure, on June 18, 2015, this Court notified the parties, the Gregg County district clerk, and the trial court that the trial court's certification of defendant's right of appeal was defective, and directed that a corrected trial court certification be filed on or before June 29, 2015, or the matter would be referred to the court for dismissal. *See* TEX. R. APP. P. 34.5( c). The trial court took no action regarding this Court's notice.

8.      By opinion handed down on July 8, 2015, this Court dismissed Mr. Mallard's appeal. *See Mallard v. State*, No. 12-15-00012-CR, 2015 WL 4116749 (Tex. App.–Tyler, July 8, 2015, no. pet.   h.) (mem. op., not designated for publication); TEX. R. APP. P. 43.2(f). This motion for rehearing is therefore timely. *See* TEX. R. APP. P. 49.1

9.      Mr. Mallard challenges his waiver of appeal on the grounds that it was entered without any consideration given by the State. However, even assuming a valid waiver of his right to appeal his trial and sentencing, for the reasons discussed below, he has not waived his right to appeal the denial of his motion for new trial, which occurred after he entered his waiver of appeal.

## I. Controlling Law

A criminal defendant in Texas has a statutory right to appeal his or her conviction. TEX. CRIM. PROC. CODE ANN. art. 44.02 (West 2006); *see also Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009). A defendant may, however, waive this right, if the waiver is executed voluntarily, knowingly, and intelligently. *Broadway*, 301 S.W.3d at 697 (citing  TEX. CRIM. PROC. CODE ANN. art. 1.14 (West 2005); *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003)). If some consideration is given by the State in exchange for such a waiver of appeal, that

waiver will be upheld. *Broadway*, 301 S.W.3d at 697–98 (consideration in form of State's consent to defendant's waiver of jury trial).

The Court of Criminal Appeals has explained the reviewing court should examine the circumstances surrounding the waiver. For example, in *Ex parte Delaney*, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006), the Court of Criminal Appeals held that a pretrial or presentencing waiver of the right to appeal in a non-plea-bargain case was invalid and could not be voluntarily, knowingly, and intelligently made when the consequences of the waiver were unknown to the defendant. The emphasis in *Delaney* was the absence of a bargained-for waiver in exchange for an agreed-upon sentence. *Broadway*, 301 S.W.3d at 697 n.7.

In *Broadway*, Broadway filed an application for writs of habeas corpus alleging ineffective assistance of counsel on the grounds that his trial counsel failed to inform him of his right to appeal his sentence and that they allowed him to sign a waiver of appeal before sentencing. *Id*. at 696. At trial Broadway entered an open plea after declining the State's plea-bargain offer, which offered a minimum 25–year sentence. *Id*. Broadway declined the State's offer and entered the open plea, hoping that the judge would consider deferred adjudication community supervision with drug treatment. *Id*. In order to be able to seek deferred adjudication, Broadway waived his right to have the jury assess punishment, and Broadway convinced the State to

consent to the waiver of the jury trial in exchange for Broadway's waiver of his right to appeal. Accordingly, the Court concluded that Broadway voluntarily, knowingly, and intelligently waived his right to appeal even though it was an open plea and there was no agreement on punishment, because there was consideration given by the State for the waiver. *Id*. at 699.

Subsequently, in *Washington v. State*, the Court of Criminal Appeals applied the *Delaney* rationale to invalidate a waiver where the defendant waived his right to appeal before sentencing and without an agreement as to punishment, *and where the record did not confirm that the State gave any consideration for the waiver*. 363 S.W.3d 589, 589–90 (Tex. Crim. App. 2012) (emphasis added) (citing *Delaney*, 207 S.W.3d at 799); cf. *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000) (waiver of appeal enforceable when executed after conviction, but before sentencing, in exchange for a recommended sentence).

Here, the record surrounding Mr. Mallard's appellate waiver shows the following transpired:

*THE COURT*: Mr. Mallard, having found you guilty of this offense, the Court is called upon to impose the punishment.
. . . .I'm going to assess your
sentence at five years confinement in the Institutional
Division of the Texas Department of Criminal Justice. I'm
going to give you credit for the time you served in the
county jail.
You do have a right to appeal this case. If

you wish to appeal we need to talk about that. You have 30 days to make that decision.

Mr. Bennett, do you want to visit with him on his appellate rights at this time or do you want to do that before the 30 days?

*MR. BENNETT*: I can do it right now, Judge, if you want me to.

*THE COURT*: All right. Let's take a brief recess. Thank you.

(Recess)

*THE COURT*: All right. Mr. Bennett, we're back on the record. What says Mr. Mallard on the issue of whether he wishes to appeal or not?

*MR. BENNETT*: Judge, he does not wish to appeal. I explained to him that, you know, if he appealed and it got reversed he would still have to come back. It doesn't mean he's a free man. I had a call last night from somebody that just got out of prison Monday, and he thought it was over with. No, it was reversed for a new trial, you're facing 2 to 20. And that's his situation. I explained that to him, and he agrees that he does not want to appeal since it's a five-year sentence.

*THE COURT*: Mr. Mallard, I understand you wish to accept your five-year sentence and give up your right of appeal?

*THE DEFENDANT*: Uh-huh, yes.

*THE COURT*: You need to answer out loud, sir.

*THE DEFENDANT*: Yes, sir.

*THE COURT*: You understand once you waive your right to appeal you can't come back and appeal the case; do you understand that?

*THE DEFENDANT*: Yes, sir.

*THE COURT*: You need to -- sir, I've got to hear you.

*THE DEFENDANT*: Yes, sir.

*THE COURT*: All right. If you and Mr. Bennett will sign a written waiver at the clerk's bench, I'll approve it. If there's nothing further, we need to get some paperwork done.

(IV R.R. 64-66).

Noticeably absent from the proceeding is any consideration by the State in return for Mr. Mallard's gratuitous waiver of his right to appeal. *Washington*, 363 S.W.3d at 589–90. Further, Mr. Mallard's "decision" to gratuitously waive his right to appeal was directly influenced by the advice of his defense counsel–the same person whom Mr. Mallard accused of ineffective assistance in his motion for new trial.

Secondly, the Court of Criminal Appeals has held that a defendant may waive his right to appeal, but that his waiver will be knowingly and intelligently made only under circumstances in which, and to the extent that, he is aware of what has occurred in the trial proceedings. Restated, if a defendant enters a waiver of his right

to appeal before he is aware of the consequences of his plea, the waiver is invalid. *See Ex parte Thomas*, 545 S.W.2d 469, 470 (Tex. Crim. App. 1977); *Ex parte Townsend*, 538 S.W.2d 419, 420 (Tex. Crim. App. 1976). Only then is he in a position to know the nature of the claims he could have brought on appeal but for his waiver. *Ex parte Reedy*, 282 S.W.3d 492, 498 (Tex. Crim. App. 2009). Here, at the time that Mr. Mallard entered his gratuitous, non-bargained-for appeal waiver, there is no way he could have known that his trial counsel arguably rendered ineffective assistance of counsel; that he would ultimately need to file a motion for new trial to create a record of that ineffectiveness; or, that the trial court would deny his motion for new trial. *Id*.

At the time that Mr. Mallard entered his gratuitous appellate waiver, he was manifestly not aware of the facts and the law applicable to the performance of his trial counsel. Congnizant of the fact that criminal defendants may not understand until well after the fact that their trial lawyer has provided ineffective assistance, the Court of Criminal Appeals has held in a related context that

> [w]e do not require any defendant to risk alienating his trial lawyer by requiring the defendant to claim ineffective assistance of counsel at the time of trial. Further, because many errors by defense counsel are of a technical nature, the defendant may not even know errors by their trial lawyer are occurring, and cannot possibly object. Many times it is in the review of the record by the appellate attorney that errors of an ineffective assistance of counsel nature are discovered. The timely filed appeal to the court of appeals by appellant is a proper procedure for seeking relief.

*Randle v. State*, 847 S.W.2d 576, 580 (Tex. Crim. App. 1993).

Such is the case here. Mr. Mallard waived his right to appeal based solely on advice from his trial counsel–against whom he later made an ineffective assistance of counsel claim in his motion for new trial. At the time that he entered his non-bargained, gratuitous appellate waiver, Mr. Mallard had no way of knowing that the performance of his trial attorney was arguably substandard, and that he would need to appeal. *Id*.

Finally, in the opinion dismissing Mr. Mallard's appeal, this Court cited to Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. However, that Rule does not squarely apply in this situation. The rule refers only to plea bargains with regard to guilty pleas, not gratuitously-entered, non-bargained for waivers of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Regardless of whether a court feels that a defendant should be "bound" by a gratuitously-entered, non-bargained for waiver of appeal, the plain language of Rule 25.2(a)(2) does not contemplate that situation. In this case, Mr. Mallard was found guilty by the trial court, and there was no bargain regarding punishment. Nothing in Rule 25.2(a)(2) limits his right to appeal. *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Because the State gave no consideration for Mr. Mallard's waiver of appeal; he entered it without being aware of the consequences of his action; and, Rule 25.2

does not limit Mr. Mallard's right to appeal, this Court should allow Mr. Mallard his right to appeal.

## PRAYER

PREMISES CONSIDERED, APPELLANT Anthony Jermaine Mallard prays that this Court grant Appellant's Motion for Rehearing and reinstate this appeal. Alternatively, Mr. Mallard prays that this Court allow Mr. Mallard to appeal the denial of his motion for new trial. Mr. Mallard further prays for any other relief to which he may show himself justly entitled.

Respectfully submitted,

/s/ A. Clay Graham
A. Clay Graham
TBN: 24064140
Attorney at Law
5719 Airport Freeway
Fort Worth, TX 76117
817-334-0081 (phone)
817-887-1474 (fax)
Email: aclaygrahamattorney@gmail.com
Attorney for Appellant
Anthony Jermaine Mallard

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the state by a manner compliant with the rules on this  16th  day of  July , 2015.

/s/ A. Clay Graham
A. Clay Graham