PD-1327-15

PD-1327-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/8/2015 10:45:42 AM
Accepted 10/8/2015 4:53:24 PM
ABEL ACOSTA
CLERK

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

**ANTHONY JERMAINE MALLARD**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

---

Petition is in Cause No. 43518-A from the 188th
Criminal District Court of Gregg County, Texas,
and Cause No. 12-15-00012-CR in the
Court of Appeals for the Twelfth District of Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

---

FILED IN
COURT OF CRIMINAL APPEALS

October 8, 2015

ABEL ACOSTA, CLERK

A. Clay Graham
TBN: 24064140
Law Offices of A. Clay Graham
The Texas Building
855 Texas St. Ste 120
Fort Worth, TX 76102
817-334-0081 (phone)
817-887-1474 (fax)
Email:aclaygrahamattorney@gmail.com
Attorney for Petitioner
Anthony Jermaine Mallard

## IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties to the trial court's final judgment, and the names and addresses of all trial and appellate counsel.

| | |
|---|---|
| Trial Court Judge: | Hon. David Brabham, Judge<br>188th Criminal Court, Gregg County |
| Petitioner: | Anthony Jermaine Mallard |
| Petitioner's Trial Counsel: | R. Daryll Bennett<br>TBN: 02150700<br>Attorney at Law<br>P.O. Box 2645<br>322 West Whaley<br>Longview, Texas 75606 |
| Petitioner's Counsel on Motion for New Trial and Appeal: | A. Clay Graham<br>TBN: 24064140<br>Attorney at Law<br>5719 Airport Freeway<br>Fort Worth, TX 76117 |
| Appellee: | The State of Texas |
| Appellee's Trial Counsel: | Tanya Reed<br>TBN: 24039204<br>V. Christopher Botto<br>TBN: 24064926<br>District Attorney's Office<br>110 E. Methvin<br>Longview, Texas 75601 |
| Appellee's Counsel on Appeal: | Zan Colson Brown<br>TBN: 03205900<br>District Attorney's Office<br>110 E. Methvin<br>Longview, Texas 75601 |

# TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . .ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iv

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .vi

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . .1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . .2

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

REASONS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

I.      The Court of Appeals erred when it held that Petitioner had
        waived his rights to appeal the denial of his motion for new
        trial. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

        A.      *Facts*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

        B.      *The Opinion Below*. . . . . . . . . . . . . . . . . . . . . . . . .4

        C.      *Application of Controlling Law*. . . . . . . . . . . . . . . . .4

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . .13

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . .13

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

# INDEX OF AUTHORITIES

*Cases*                                                                *page*

*Blanco v. State*,
    18 S.W.3d 218 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . . . .7

*Ex parte Broadway*,
    301 S.W.3d 694 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . .5, 6

*Dears v. State*,
    154 S.W.3d 610 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . . .11

*Ex parte Delaney*,
    207 S.W.3d 794 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . .5, 7

*Mallard v. State*,
    12-15-00012-CR, 2015 WL 4116749 (Tex. App.–
        Tyler, July 8, 2015, no. pet. h.)
            (mem. op., not designated for publication). . . . 2, 4

*Monreal v. State*,
    99 S.W.3d 615 (Tex. Crim. App. 2003). . . . . . . . . . . . . . . . . . . .5

*Randle v. State*,
    847 S.W.2d 576 (Tex. Crim. App. 1993). . . . . . . . . . . . . . . . .11, 11

*Ex parte Reedy*,
    282 S.W.3d 492 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . .9, 10

*Ex parte Thomas*,
    545 S.W.2d 469 (Tex. Crim. App. 1977). . . . . . . . . . . . . . . . . . .9

*Ex parte Townsend*,
    538 S.W.2d 419 (Tex. Crim. App. 1976). . . . . . . . . . . . . . . . . . .9

*Washington v. State*,
    363 S.W.3d 589 (Tex. Crim. App. 2012). . . . . . . . . . . . . . . . . .7, 9

***Statutes***

TEX. CRIM. PROC. CODE ANN. art. 1.14 (West 2006). . . . . . . . . . . . . . . . .5

TEX. CRIM. PROC. CODE ANN. art. 44.02 (West 2006). . . . . . . . . . . . . . . .5

***Court Rules***

TEX. R. APP. P. 9.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

TEX. R. APP. P. 25.2(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

TEX. R. CIV. P. 5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

## STATEMENT REGARDING ORAL ARGUMENT

Because Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading, Petitioner respectfully waives oral argument.

## STATEMENT OF THE CASE

On February 27, 2014, Anthony Jermaine Mallard ("Mr. Mallard" or "Petitioner") was indicted for sexual assault of a child alleged to have occurred on December 29, 2013. [C.R. 4]. Mr. Mallard pled not guilty and a bench trial on the merits was held on December 11, 2014, in the 188th Criminal District Court of Gregg County, Texas before the Honorable David Brabham. [III R.R. *passim*]. The trial court found Mr. Mallard guilty as charged. [III R.R. 121]. On December 18, 2014, a hearing on punishment was held before the court, whereupon Mr. Mallard was sentenced to five (5) years incarceration in the Texas Department of Criminal Justice. [IV R.R. 64]. A timely notice of appeal was filed on January 16, 2015. (CR 32). A timely motion for new trial was filed on January 20, 2015. [C.R. 33]. A hearing on the motion was held in the trial court on February 16, 2015. [V R.R. *passim*]. At the conclusion of the hearing the trial court denied the motion for new trial. [V R.R. 69].

1

## STATEMENT OF PROCEDURAL HISTORY

The opinion of the Twelfth Court of Appeals dismissing Mr. Mallard's appeal was handed down on July 8, 2015. *See Mallard v. State*, 12-15-00012-CR, 2015 WL 4116749 (Tex. App.–Tyler, July 8, 2015, no. pet. h.) (mem. op., not designated for publication). Mr. Mallard filed a timely motion for rehearing contesting the dismissal, which was overruled on September 15, 2015.

## GROUNDS FOR REVIEW

## GROUND FOR REVIEW ONE

I. **The Court of Appeals erred when it held that Petitioner had waived his rights to appeal the denial of his motion for new trial.**

## REASONS FOR REVIEW

1. The Twelfth Court of Appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States.

2

## ARGUMENT

## GROUND FOR REVIEW ONE (Restated)

I.  **The Court of Appeals erred when it held that Petitioner had waived his rights to appeal the denial of his motion for new trial.**

A.  *Facts*

After a bench trial conviction, Mr. Mallard was sentenced to five (5) years incarceration, for the second degree felony offense of sexual assault of a child. [C.R. 23]. During the course of the punishment hearing held before the court on December 18, 2014, Mr. Mallard orally entered a non-negotiated waiver of his right to appeal. That waiver was based on the advice of counsel and occurred *after* Mr. Mallard had been sentenced by the trial court. [IV R.R. 65]. The Trial Court's Certification of Defendant's Right of Appeal entered by the trial court on December 18, 2014, states that "the defendant has waived the right of appeal." [C.R. 28].

Having retained new counsel, Mr. Mallard filed a timely motion for new trial, in which he complained that his trial counsel had rendered ineffective assistance of counsel.[1] [C.R. 33]. On February

---

[1] Note that the 30th day, January17, 2015, was a Saturday, and January19, 2015, was a legal holiday, thereby causing Tuesday, January 20, 2015, to be

16,2015, a hearing was held on the motion for new trial. [V R.R. *passim*]. After noting that Mr. Mallard had waived his right to appeal at the punishment hearing, the trial court specifically allowed Mr. Mallard to proceed on his motion to "develop a record" because "an appellate court will have to deal with all these issues." [V R.R. 10]. The trial court denied the motion for new trial on substantive grounds, holding that the evidence did not establish ineffective assistance of counsel. [V R.R. 69].

## B. *The Opinion Below*

Based entirely on the trial court's certification of defendant's right of appeal, which shows that the defendant had waived his right of appeal, [C.R. 28], the court of appeal dismissed Mr. Mallard's appeal. *See Mallard*, 2015 WL 4116749 at *1. (citing TEX. R. APP. P. 43.2(f)).

## C. *Application of Controlling Law*

A criminal defendant in Texas has a statutory right to appeal his

---

the deadline for filing this Motion for New Trial. TEX. R. CIV. P. 5. Though there was some confusion regarding the application of the mailbox rule to criminal cases, the trial court ultimately agreed that the rule did apply in criminal cases. [V R.R. 63]. The uncontroverted representation by counsel that the motion for new trial was deposited with the United States Postal Service on the timely date of January20, 2015 (V R.R. 8), when combined with the fact that the motion was date stamped and filed by the district clerk on January22, 2015–which was within 10 days of the due date–is sufficient to demonstrate the timeliness of the filing. *See* TEX. R. APP. P. 9.2.

or her conviction. TEX. CRIM. PROC. CODE ANN. art. 44.02 (West 2006); *see also Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009). A defendant may, however, waive this right, if the waiver is executed voluntarily, knowingly, and intelligently. *Broadway*, 301 S.W.3d at 697 (citing TEX. CRIM. PROC. CODE ANN. art. 1.14 (West 2006); *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003)). If some consideration is given by the State in exchange for such a waiver of appeal, that waiver will be upheld. *Broadway*, 301 S.W.3d at 697–98 (consideration in form of State's consent to defendant's waiver of jury trial).

This Court has explained the reviewing court should examine the circumstances surrounding the waiver. For example, in *Ex parte Delaney*, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006), this Court held that a pretrial or presentencing waiver of the right to appeal in a non-plea-bargain case was invalid and could not be voluntarily, knowingly, and intelligently made when the consequences of the waiver were unknown to the defendant. The emphasis in *Delaney* was the absence of a bargained-for waiver in exchange for an agreed-upon sentence. *Broadway*, 301 S.W.3d at 697 n.7.

In *Broadway*, defendant filed an application for writs of habeas

5

corpus alleging ineffective assistance of counsel on the grounds that his trial counsel failed to inform him of his right to appeal his sentence and that they allowed him to sign a waiver of appeal before sentencing. *Id.* at 696. At trial Broadway entered an open plea after declining the State's plea-bargain offer, which offered a minimum 25–year sentence. *Id.* Broadway declined the State's offer and entered the open plea, hoping that the judge would consider deferred adjudication community supervision with drug treatment. *Id.* In order to be able to seek deferred adjudication, Broadway waived his right to have the jury assess punishment, and Broadway convinced the State to consent to the waiver of the jury trial in exchange for Broadway's waiver of his right to appeal. Accordingly, this Court concluded that Broadway voluntarily, knowingly, and intelligently waived his right to appeal even though it was an open plea and there was no agreement on punishment, because there was consideration given by the State for the waiver. *Id.* at 699.

Subsequently, in *Washington v. State*, this Court applied the *Delaney* rationale to invalidate a waiver where the defendant waived his right to appeal before sentencing and without an agreement as to

punishment, *and where the record did not confirm that the State gave any consideration for the waiver*. 363 S.W.3d 589, 589–90 (Tex. Crim. App. 2012) (emphasis added) (citing *Delaney*, 207 S.W.3d at 799); cf. *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000) (waiver of appeal enforceable when executed after conviction, but before sentencing, in exchange for a recommended sentence).

Here, the record surrounding Mr. Mallard's appellate waiver shows the following transpired:

*THE COURT*: Mr. Mallard, having found you guilty of this offense, the Court is called upon to impose the punishment. . . . .I'm going to assess your sentence at five years confinement in the Institutional Division of the Texas Department of Criminal Justice. I'm going to give you credit for the time you served in the county jail.
You do have a right to appeal this case. If you wish to appeal we need to talk about that. You have 30 days to make that decision.
Mr. Bennett, do you want to visit with him on his appellate rights at this time or do you want to do that before the 30 days?

*MR. BENNETT*: I can do it right now, Judge, if you want me to.

*THE COURT*: All right. Let's take a brief recess. Thank you.

(Recess)

*THE COURT*: All right. Mr. Bennett, we're back on the record. What says Mr. Mallard on the issue of whether he wishes to appeal or not?

*MR. BENNETT*: Judge, he does not wish to appeal. I explained to him that, you know, if he appealed and it got reversed he would still have to come back. It doesn't mean he's a free man. I had a call last night from somebody that just got out of prison Monday, and he thought it was over with. No, it was reversed for a new trial, you're facing 2 to 20. And that's his situation. I explained that to him, and he agrees that he does not want to appeal since it's a five-year sentence.

*THE COURT*: Mr. Mallard, I understand you wish to accept your five-year sentence and give up your right of appeal?

*THE DEFENDANT*: Uh-huh, yes.

*THE COURT*: You need to answer out loud, sir.

*THE DEFENDANT*: Yes, sir.

*THE COURT*: You understand once you waive your right to appeal you can't come back and appeal the case; do you understand that?

*THE DEFENDANT*: Yes, sir.

*THE COURT*: You need to -- sir, I've got to hear you.

*THE DEFENDANT*: Yes, sir.

*THE COURT*: All right. If you and Mr. Bennett will sign a written waiver at the clerk's bench, I'll approve it. If there's nothing further, we need to get

some paperwork done.

[IV R.R. 64-66].

Noticeably absent from the proceeding is any consideration by the State in return for Mr. Mallard's gratuitous waiver of his right to appeal. *Washington*, 363 S.W.3d at 589–90. Further, Mr. Mallard's "decision" to gratuitously waive his right to appeal was directly influenced by the advice of his defense counsel–the same person whom Mr. Mallard accused of ineffective assistance in his motion for new trial.

Secondly, this Court has held that a defendant may waive his right to appeal, but that his waiver will be knowingly and intelligently made only under circumstances in which, and to the extent that, he is aware of what has occurred in the trial proceedings. Restated, if a defendant enters a waiver of his right to appeal before he is aware of the consequences of his plea, the waiver is invalid. *See Ex parte Thomas*, 545 S.W.2d 469, 470 (Tex. Crim. App. 1977); *Ex parte Townsend*, 538 S.W.2d 419, 420 (Tex. Crim. App. 1976). Only then is he in a position to know the nature of the claims he could have brought on appeal but for his waiver. *Ex parte Reedy*, 282 S.W.3d 492, 498 (Tex. Crim. App. 2009).

Here, at the time that Mr. Mallard entered his gratuitous, non-bargained-for appeal waiver, there is no way he could have known that his trial counsel arguably rendered ineffective assistance of counsel; that he would ultimately need to file a motion for new trial to create a record of that ineffectiveness; or, that the trial court would deny his motion for new trial. *Id*.

At the time that Mr. Mallard entered his gratuitous appellate waiver, he was manifestly not aware of the facts and the law applicable to the performance of his trial counsel. Cognizant of the fact that criminal defendants may not understand until well after the fact that their trial lawyer has provided ineffective assistance, this Court has held in a related context that

> [w]e do not require any defendant to risk alienating his trial lawyer by requiring the defendant to claim ineffective assistance of counsel at the time of trial. Further, because many errors by defense counsel are of a technical nature, the defendant may not even know errors by their trial lawyer are occurring, and cannot possibly object. Many times it is in the review of the record by the appellate attorney that errors of an ineffective assistance of counsel nature are discovered. The timely filed appeal to the court of appeals by appellant is a proper procedure for seeking relief.

*Randle v. State*, 847 S.W.2d 576, 580 (Tex. Crim. App. 1993).

Such is the case here. Mr. Mallard waived his right to appeal

10

based solely on advice from his trial counsel–against whom he later made an ineffective assistance of counsel claim in his motion for new trial. At the time that he entered his non-bargained, gratuitous appellate waiver, Mr. Mallard had no way of knowing that the performance of his trial attorney was arguably substandard, and that he would need to appeal. *Id.*

Finally, in the opinion dismissing Mr. Mallard's appeal, the court of appeals cited to Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. However, that Rule does not squarely apply in this situation. The rule refers only to plea bargains with regard to guilty pleas, not gratuitously-entered, non-bargained for waivers of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Regardless of whether a court feels that a defendant should be "bound" by a gratuitously-entered, non-bargained for waiver of appeal, the plain language of Rule 25.2(a)(2) does not contemplate that situation. In this case, Mr. Mallard was found guilty by the trial court, and there was no bargain regarding punishment. Nothing in Rule 25.2(a)(2) limits his right to appeal. *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Because the State gave no consideration for Mr. Mallard's waiver of appeal; he entered it without being aware of the consequences of his

action; and, Rule 25.2 does not limit Mr. Mallard's right to appeal, this Court should allow Mr. Mallard his right to appeal.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals, and that upon reviewing the judgment entered below, that this Court reverse the opinion of the Twelfth Court of Appeals and reverse the conviction entered below.

Respectfully submitted,

/s/ A. Clay Graham
A. Clay Graham
TBN: 24064140
Law Offices of A. Clay Graham
The Texas Building
855 Texas St. Ste 120
Fort Worth, TX 76102
817-334-0081 (phone)
817-887-1474 (fax)
Email:aclaygrahamattorney@gmail.com
Attorney for Petitioner
Anthony Jermaine Mallard

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 2,276.

/s/ A. Clay Graham
A. Clay Graham

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State's Prosecuting Attorney and the Gregg County District Attorney by a manner compliant with the Texas Rules of Appellate Procedure, on this 7th day of October, 2015.

/s/ A. Clay Graham
A. Clay Graham

# **APPENDIX**

1.     Opinion of the Twelfth Court of Appeals.

# NO. 12-15-00012-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTHONY JERMAINE MALLARD,* *APPELLANT* | § | *APPEAL FROM THE 188TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *GREGG COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Appellant was convicted of sexual assault of a child and sentenced to imprisonment for five years. On January 16, 2015, he filed a notice of appeal.

We have received the appellate record. The clerk's record includes the trial court's certification that "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The reporter's record shows that, after sentence was imposed, Appellant waived his right to appeal in open court.

On June 18, 2015, we notified Appellant that the trial court's certification stated he had waived the right to appeal. Additionally, we warned that the appeal would be dismissed unless, on or before June 29, 2015, a trial court certification showing Appellant's right to appeal was filed in this court. No response has been filed. Because the trial court's certification affirmatively shows that Appellant has waived the right to appeal, and the record supports the trial court's certification, we ***dismiss*** the appeal. *See* TEX. R. APP. P. 43.2(f).

Opinion delivered July 8, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 8, 2015**

**NO. 12-15-00012-CR**

**ANTHONY JERMAINE MALLARD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 188th District Court

of Gregg County, Texas (Tr.Ct.No. 43518-A)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*